**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

THE CITIGROUP/SALES              :
    FINANCING, INC.
                                                            :
v.                                              Civil Action WMN-06-1723
                                                            :

ROSS F. THORNLEY                 :


**MEMORANDUM**

This action arises out of Defendant's purchase of a boat and subsequent breach of the retail installment sale agreement into which he entered as part of that purchase.  Plaintiff, the assignee of the retail installment sale agreement, filed this suit on July 7, 2006.  The Court issued a scheduling order on August 7, 2006, setting a discovery deadline of December 20, 2006, and a dispositive motions deadline of January 19, 2007.  Although Plaintiff indicated in a status report to the Court that it intended to file a motion for summary judgment, it failed to do so before the motions deadline set in the scheduling order.  On January 24, 2007, the Court issued an order setting this action in for trial on March 21, 2007.

On February 2, 2007, Plaintiff filed a motion for summary judgment, Paper No. 11, along with a motion for leave to file the summary judgment motion out of time.  Paper No. 10.  Those motions are unopposed and the time for having done so has expired.[1]  Upon review of

---

[1] On February 22, 2007, the Clerk of the Court sent a letter explaining to Defendant that a dispositive motion had been filed in this action and, if he did not file a timely and appropriate written response to that motion within 17 days of the date of that letter, judgment could be entered against him.

the motions and the applicable case law the Court determines that no hearing is necessary and that both motions will be granted.

As to the motion for leave to file, the Court finds that Plaintiff has made a sufficient showing of "excusable neglect" to warrant the relief requested. See Fed. R. Civ. P. 6(b)(2) (allowing courts "upon motion made after the expiration of the specific period [to] permit the act to be done where the failure to act was the result of excusable neglect"). Plaintiff's counsel explains that a "calendaring error" prevented his filing of a timely motion for summary judgment. Once this error was brought to his attention by this Court's order setting a trial date, he promptly filed his motion. Given the brevity of the delay and the lack of any prejudice to Defendant, the Court in its discretion will allow the late filing. See Greenspring Racquet Club, Inc. v. Baltimore County, 77 F. Supp. 2d 699, 701 (D. Md. 1999) ("[C]ourts are to exercise an equitable discretion to alter time limits after considering four factors: (1) the danger of prejudice to the ... nonmovant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.") (internal quotations and citations omitted). The Court is also mindful that denying Plaintiff this opportunity would simply subject the parties and the Court to an unnecessary trial.

As to the merits of the summary judgment motion, the Court finds that there are no disputes of material facts and that Plaintiff is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). Defendant acknowledges that he entered into the retail installment

2

sale agreement and that he has defaulted on his obligations under the agreement by failing to make payments when due.  Thornley Dep. 15-31.  Furthermore, Defendant offers no challenge to Plaintiff's calculation of damages.[2]  Accordingly, Plaintiff's motion for summary judgment will be granted and judgment will be entered in favor of Plaintiff.  A separate order will issue.

                                            /s/
                                   William M. Nickerson
                                   Senior United States District Judge

Dated: March 21, 2007

---

[2] Plaintiff asserts, and Defendant does not contest, that as of January 4, 2007, it was owed $107,825.45.  This damage claim includes: a balance of $74,051.43 owed on the original debt; interest of $16,923.91 as of January 4, 2007, insurance of $4,610.00, property inspection fees of $172.25, attorney's fees of $11,605.00, plus the cost of this action of $462.86.  Aff. of Hazel Saulsberry ¶ 6.  Because additional interest and attorney's fees will have accrued since January 4, 2007, the Court will request that Plaintiff submit a revised proposed final judgment order within seven days of the date of this memorandum and order reflecting the damage claim as of that date.